JUDGE CEDARBAUM



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

09 CIV

| | |
|---|---|
| WEIGHT WATCHERS INTERNATIONAL, INC.,<br>11 Madison Avenue<br>New York, NY 10010,<br><br>Plaintiff,<br><br>v.<br><br>CURVES INTERNATIONAL, INC.,<br>100 Ritchie Road<br>Waco, TX 76712,<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Weight Watchers International, Inc. ("WWI"), by its attorneys, for its Complaint against Curves International, Inc. ("Curves"), alleges as follows.

### NATURE OF THE ACTION

1.     This is a lawsuit for injunctive relief and damages arising from Curves' unauthorized use of the famous trademarks and service marks of WWI (the "WWI Marks"). The fundamental purpose of the trademark laws is to protect consumers from being confused as to the source or qualities of the products or services they seek to buy. Curves' unlawful actions, as described in detail below, are harming consumers, as well as WWI, necessitating this lawsuit.

2.     Founded over 45 years ago, WWI is the world's leading provider of weight-management services and products, operating globally through a network of company-owned and franchised operations. WWI is best known for organizing and conducting weekly meetings for individuals seeking to lose weight and to maintain that weight loss. These meetings are led by specially trained individuals who present WWI's weight-management plans. WWI also offers consumers the option to follow its weight-management plans through its Weight Watchers

1

Online and Weight Watchers At Home products.  In addition, WWI, its franchisees, its licensees, and its endorsees sell various products authorized by WWI, including books, magazines, journals, and DVDs, designed to help those following WWI's weight-management plans to lose weight and to maintain their weight loss.

3.      Since 1997, WWI's proprietary POINTS Weight Loss System has been a significant component of WWI's weight-management plans.  Pursuant to the patented and proven POINTS system, individuals are assigned a personal daily POINTS "budget."  Food items are assigned a particular POINTS value by WWI, calculated based on WWI's patented POINTS formula.  Subject to certain nutritional guidelines, individuals following the plan may eat any type of food item they desire as long as the total POINTS values of the food they consume each day does not exceed their POINTS budget.  Now in use for over a decade, WWI's POINTS system has enjoyed immense success, and WWI's POINTS mark serves as an identifier to consumers of WWI's services and products and as a symbol of the goodwill that the POINTS system has achieved in the public mind.

4.      In December 2008, WWI introduced the MOMENTUM Program.  In addition to featuring the POINTS system, the MOMENTUM Program provides an option called the Simply Filling Technique, which allows users to choose from a list of Filling Foods to eat until they feel satisfied, instead of counting POINTS.

5.      The WWI plans are not a rigid program that requires strict adherence.  Rather, they are akin to a life-style management plan that emphasizes healthy choices and gives members tools to make choices in a way that supports long-term weight management.

6.      Defendant Curves is a competitor of WWI.  Beginning in September of this year, Curves caused a commercial entitled "Something New" (the "Commercial") to be shown on

national cable networks, such as ABC Family. Curves uses the WWI Marks in the Commercial without the authorization of WWI. Curves' unauthorized use of the WWI Marks in the Commercial is intended to take advantage of WWI's established reputation as the world leader in weight-management products and services in order to market Curves' services and products to consumers interested in weight loss and maintenance.

7.    Curves' use of the WWI Marks in the Commercial constitutes trademark infringement, trademark dilution, false advertising and unfair competition in violation of federal and state statutory law, as well as common law. Accordingly, WWI brings this action seeking injunctive relief and damages.

## THE PARTIES

8.    Plaintiff WWI is a corporation duly organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business at 11 Madison Avenue, New York, New York 10010.

9.    Upon information and belief, Defendant Curves is a corporation duly organized and existing under the laws of the State of Texas, with its principal place of business at 100 Ritchie Road, Waco, Texas 76712.

## JURISDICTION AND VENUE

10.    This action arises under the Lanham Act, 15 U.S.C. §§ 1051, et seq., and the statutory and common laws of the State of New York. This Court's jurisdiction is based upon 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338. The amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has supplemental jurisdiction over the related state and common law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

11.    This Court has personal jurisdiction over Curves pursuant to N.Y. Civ. Prac. L. & R. ("CPLR") § 302(a), because Curves has: (i) transacted business within the state (CPLR § 302(a)(1)); (ii) committed a tortious act within the state (CPLR § 302(a)(2)); and/or (iii) committed a tortious act without the state causing injury to person or property within the state, expects or should reasonably expect the act to have consequences in the state, and derives substantial revenue from interstate commerce (CPLR § 302(a)(3)(ii)).

12.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Curves resides in this district (as that term is defined in 28 U.S.C. § 1391(c)) and/or pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action have occurred and/or will occur in this district.

## FACTUAL BACKGROUND

### WWI and The WWI Marks

13.    Founded over 45 years ago, WWI is a worldwide business well known for its success in helping individuals to change their behavior so as to lose weight safely and to maintain that weight loss.  Since the company's founding in 1963, the WEIGHT WATCHERS brand name has been used continuously in commerce, throughout the United States, to identify WWI and the services and products offered by WWI, its franchisees, its licensees, and its endorsees.

14.    Since its inception, WWI and its franchisees have offered weekly meetings for those who wish to lose weight and maintain weight loss.  These meetings are led by specially trained individuals (commonly referred to as "Leaders") who present the WWI weight-management plans, which include a proprietary food plan and other techniques for weight loss and maintenance developed by WWI.  The WWI weight-management plans are all delivered

within a supportive environment and are based on sound scientific principles encompassing nutrition, exercise, and behavior modification. In 2008, approximately 1.4 million people per week around the world attend more than 50,000 such meetings run by thousands of Leaders.

15.    In order to accommodate different lifestyles and preferences, WWI also offers various products and services to consumers who are unable to or do not desire to attend in-person meetings, including Weight Watchers At Home, a kit for home use containing written materials to follow the WWI plan on one's own. Since 1995, WWI has also operated a website which, since 2001, has offered Weight Watchers Online, an interactive internet subscription product based on WWI's approach to weight-management for self-help consumers. In addition, WWI, directly or through licensees, offers for sale numerous products, services, and publications, including magazines, assorted cookbooks, motivational books, DVDs, journals, and food products to help with weight-loss management.

16.    In the fall of 1997, WWI introduced the POINTS Weight Loss System in the United States. Since then, the POINTS system has been a significant component of WWI's plans. The POINTS system is unique to WWI. Its innovative nature as a method for weight loss and maintenance has been recognized by the United States Patent and Trademark Office, which has issued three patents to WWI, conferring upon WWI exclusive and proprietary rights in the practice of that method.

17.    The POINTS value for any particular food item is determined by a patented formula based upon the calories, fat, and fiber contained in a designated portion of the food item. Tools for calculating POINTS values for food items are provided or sold, through various means, to consumers following the POINTS system.

18.    A person following the POINTS system through WWI's most recent weight-loss innovation, the MOMENTUM Program, is assigned a personal POINTS "budget" based upon the individual's current body weight, gender, and age.  As long as the person consumes foods having cumulative POINTS values falling within his or her personal POINTS budget, he or she should lose weight.

19.    WWI's MOMENTUM Program also offers a feature called the Simply Filling Technique.  The Simply Filling Technique allows users to choose from a list of Filling Foods to eat until they feel satisfied, rather than counting POINTS.  This technique promotes weight loss based on the science of energy density.

20.    WWI's weight-management plans have proven to be very successful.  Numerous scientific studies performed over many years have confirmed that they help people lose weight and keep it off.

21.    WWI owns numerous valid and incontestable United States trademark and service mark registrations.  For example, WWI's registered United States trademarks and service marks include Registration No. 856,202, Class 42 (1968) (WEIGHT WATCHERS); Registration No. 862,744, Class 16 (1968) (WEIGHT WATCHERS); Registration No. 1,380,177, Class 9 (1986) (WEIGHT WATCHERS); Registration No. 1,395,251, Classes 41 and 42 (1986) (WEIGHT WATCHERS); Registration No. 2,120,106, Class 9 (1997) (WEIGHT WATCHERS); Registration No. 2,139,767, Class 42 (1998) (POINTS); Registration No. 2,185,114, Class 9 (1988) (POINTS); Registration No. 3,057,753, Class 41 (2006) (WEIGHT WATCHERS WITH WAVE LOGO); Registration No. 3,057,756, Class 44 (2006) (WEIGHT WATCHERS WITH WAVE LOGO); Registration No. 3,057,759, Class 9 (2006) (WEIGHT WATCHERS WITH WAVE LOGO); Registration No. 3,138,154, Class 16 (2006) (WEIGHT WATCHERS WITH

WAVE LOGO); Registration No. 3,163,684, Class 44 (2006) (POINTS); and Registration No. 3,346,918, Class 44 (2007) (POINTS). True and accurate copies of these trademark and service mark registration certificates are attached hereto as Exhibit A and incorporated herein by reference. WWI is the sole owner of these trademarks and service marks.

22.    WWI has used the WEIGHT WATCHERS mark in commerce continuously throughout its history as a symbol of the consistent quality and high value of its services and products. WWI has used the POINTS mark in commerce continuously since 1997 to identify WWI's weight-loss plan and as a symbol for products and services associated with WWI. WWI has used the WEIGHT WATCHERS WITH WAVE LOGO mark in commerce continuously since 2003 as a symbol of the consistent quality and high value of its services and products.

23.    WWI has used the WWI Marks in materials presented each week to more than a million individuals attending over 50,000 meetings around the world, as well as in the material provided to other consumers following the POINTS system at home or through the WWI website. WWI has also spent millions of dollars to promote its services and products in a broad spectrum of advertising, promotional, and other marketing materials, including newspapers, magazines, television and radio advertising, and online advertising. WWI has also distributed millions of pieces of direct mail, point-of-sale materials, and consumer coupons to increase exposure to its products and services among consumers in the United States. Since 1997, such advertising and promotion has consistently featured the POINTS mark. And, since 2003, such advertising and promotion has consistently featured the WEIGHT WATCHERS WITH WAVE LOGO mark. For example, practically every WWI weight-management center displays signage featuring the WEIGHT WATCHERS WITH WAVE LOGO mark. In 2008, retail sales of WEIGHT WATCHERS branded products and services exceeded $4 billion worldwide.

24.     WEIGHT WATCHERS branded food and beverage products have been, and continue to be, distributed and sold throughout the United States and the world through various channels, including meeting-room sales, food and grocery stores, direct mail, and over the Internet, including through the WWI website.  Since their introduction, these products have generated billions of dollars in revenue.

25.     In addition, WWI engages in active licensing and endorsement programs with other companies, authorizing them to use the WWI Marks in connection with their products.  In July 2009, there were over 115 WEIGHT WATCHERS branded and endorsed products sold at retail stores in the United States alone.

26.     As a result of the continuous and widespread use of the WWI Marks and the extensive advertising and promotion of products and services bearing these marks by WWI, its franchisees, its licensees, and its endorsees, the WWI Marks are widely recognized and have become famous throughout the United States.

27.     Because of its widespread and favorable public acceptance and recognition, the WWI Marks have become distinctive designations of products and services uniquely associated with WWI and therefore serve to identify WWI and those products and services that are provided, sponsored, endorsed, authorized by, associated or affiliated with WWI.  Thus, the WWI Marks are firmly linked to WWI's reputation as the world's leading provider of weight-loss services and products.

28.     The WWI Marks have become assets of incalculable value as symbols of WWI, of the POINTS system, and of the goodwill and high reputation that WWI and the POINTS system have achieved in the public mind.

**Curves' Unlawful Actions**

29.     Upon information and belief, Curves is one of the largest fitness franchises in the world with thousands of locations in many countries.  Curves is a fitness facility that provides exercise programs exclusively for women.  As with most fitness facilities, Curves sells "memberships" to persons who may utilize the facility for as long as they maintain their membership.  As part of a membership, Curves also offers nutritional information and diet advice.  Curves' products and services are promoted, marketed, and sold throughout the United States, including the State of New York and this judicial district.

30.     Beginning in September of this year, Curves caused a commercial entitled "Something New" (the "Commercial") to be shown on national cable networks, such as ABC Family.  Curves uses the WWI Marks in the Commercial without the authorization of WWI.  A true and accurate copy of screenshots from the Commercial is appended hereto as Exhibit B and incorporated herein by reference.  Curves' unauthorized use of the WWI Marks in the Commercial is intended to take unfair advantage of WWI's established reputation as the world leader in weight-management services and products in order to market Curves to consumers interested in weight loss and maintenance.  Through the unauthorized use of the WWI Marks, Curves seeks to obtain the benefits of WWI's goodwill and high reputation among consumers, which WWI has painstakingly built over the course of more than four decades.

31.     The Commercial opens with a woman walking toward a WWI weight-management center in a typical suburban strip mall.  The WEIGHT WATCHERS WITH WAVE LOGO clearly appears above the entrance to the WWI center.  At the same time, a "voice over" says: "So you finally decided that it's the right time for you to lose weight?  That's great and

maybe you're considering going to Weight Watchers?" The initial impression conveyed by the Commercial is that a WWI advertisement is about to be shown.

32.    The Commercial then shows a van "snatching" this woman from in front of the WWI center while several women in the van make disapproving gestures and say: "Weight Watchers? Oh no girl. You're going to try something new." The van then takes the woman to a Curves workout facility. At this point, the "voice over" intones: "Introducing the new Curves 30 Day Diet Plan. It's clinically proven and a brand new way to lose weight and keep it off without counting points forever. There are diet classes every month which are free to everyone. No membership required." The Commercial concludes with a screenshot displaying the words "Free Diet Classes" under the Curves' logo.

33.    The display of the WEIGHT WATCHERS WITH WAVE LOGO coupled with the voice-over mention of WEIGHT WATCHERS at the beginning of the Commercial is likely to lead consumers to believe that an advertisement for WWI is about to be shown. Having thus used the WWI Marks to interest consumers, the Commercial then diverts them to a sales pitch for Curves' products and services.

34.    After getting the attention of viewers by creating an initial impression that a WWI advertisement is about to run, the overarching tone of the Commercial changes to the false and unfair disparagement of WWI and the POINTS system. The Commercial implies that the POINTS system does not work, is out of date, and/or is onerous to follow. These assertions are intended to blur and tarnish the WWI Marks.

35.    Moreover, as part of the "bait and switch" strategy of the Commercial, it also makes false statements about Curves' products, services and fees. Specifically, the Commercial represents that:

- The Curves 30 Day Diet Plan "is clinically proven… to lose weight and keep it off;"

- The Curves 30 Day Diet Plan is "new" and represents "a brand new way to take off the weight," and

- There is no requirement to become a member; "[n]o purchase necessary;" and it is "free."

36.     Upon information and belief, the true facts are as follows:

- There are no published clinical studies or scientific evidence demonstrating that people who completed the Curves 30 Day Diet Plan kept their weight off for two years or more, the standard the FTC has applied to the weight-loss industry for weight maintenance claims;

- The Curves 30 Day Diet Plan is not a "brand new" approach; in fact, the Plan booklet bears a 2008 copyright date; and

- The assertion that the Curves Diet Plan is "free" and "no purchase is necessary" is belied by the fact that Curves charges non-members for the Plan booklet (without which consumers cannot implement the Plan); the Plan is predicated upon a diet that strongly recommends the purchase of "shakes," vitamins and supplements available only from Curves; and the Plan includes as a necessary component a specific fitness workout only available at a Curves gym which does require a membership.

37.     Upon information and belief, Curves is well aware of the goodwill represented and symbolized by the WWI Marks and WWI's rights thereto. It also knows that consumers have long recognized and relied upon the WWI Marks to identify products and services associated with or sponsored by WWI and the POINTS system.

38.     Curves' use of the WWI Marks in such a prominent manner in the Commercial is a clear and deliberate attempt to trade upon WWI's valuable reputation and goodwill, without authorization from WWI.

39.     Upon information and belief, some of Curves' products and services are intended to compete directly with those offered by WWI and will be sold in close proximity to WWI's offerings, as depicted in the Commercial.

11

40.     WWI has complained to Curves about the Commercial and demanded that Curves cease running it.  Curves, however, has refused to do so.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement Under The Lanham Act)

41.     WWI repeats and realleges Paragraphs 1 through 40 above.

42.     WWI owns the WWI Marks.

43.     The WWI Marks are valid, federally registered trademarks and service marks entitled to protection under the Lanham Act.

44.     Curves has used and is using the WWI Marks in commerce, without the consent of WWI, in connection with the sale, offering for sale, distribution, or advertising of goods and/or services and which use is likely to cause confusion, or to cause mistake, or to deceive consumers.

45.     Curves' conduct as alleged above constitutes a violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

46.     Upon information and belief, Curves' actions were deliberate, willful, and in conscious disregard of WWI's rights.

47.     Curves' conduct as alleged above has caused damage to WWI.

48.     Curves' conduct as alleged above has caused and, unless restrained by this Court, will continue to cause WWI irreparable injury.

49.     WWI has no adequate remedy at law for Curves' violation of the Lanham Act.

## SECOND CLAIM FOR RELIEF
### (Unfair Competition Under The Lanham Act)

50.     WWI repeats and realleges Paragraphs 1 through 49 above.

51.     WWI owns the WWI Marks.

52.     The WWI Marks are valid, federally registered trademarks and service marks entitled to protection under the Lanham Act.

53.     Curves has used and is using the WWI Marks in commerce in connection with goods and/or services, without the consent of WWI, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Curves, or as to the origin, sponsorship, or approval of Curves' goods or services by consumers.

54.     Curves' conduct as alleged above constitutes a violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

55.     Upon information and belief, Curves' actions were deliberate, willful, and in conscious disregard of WWI's rights.

56.     Curves' conduct as alleged above has caused damage to WWI.

57.     Curves' conduct as alleged above has caused and, unless restrained by this Court, will continue to cause WWI irreparable injury.

58.     WWI has no adequate remedy at law for Curves' violation of the Lanham Act.

## THIRD CLAIM FOR RELIEF
### (False Advertising Under The Lanham Act)

59.     WWI repeats and realleges Paragraphs 1 through 58 above.

60.     WWI owns the WWI Marks.

61.     The WWI Marks are valid, federally registered trademarks and service marks entitled to protection under the Lanham Act.

62.     Curves has used and is using the WWI Marks in commerce in connection with goods and/or services, without the consent of WWI, as part of commercial advertising or promotion that misrepresents the nature, characterization, or qualities of WWI's goods and services, as well as Curves' goods and services.

13

63.    Curves' conduct as alleged above constitutes a violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

64.    Upon information and belief, Curves' actions were deliberate, willful, and in conscious disregard of WWI's rights.

65.    Curves' conduct as alleged above has caused damage to WWI.

66.    Curves' conduct as alleged above has caused and, unless restrained by this Court will continue to cause WWI irreparable injury.

67.    WWI has no adequate remedy at law for Curves' violation of the Lanham Act.

### FOURTH CLAIM FOR RELIEF
### (Trademark Dilution Under The Lanham Act)

68.    WWI repeats and realleges Paragraphs 1 through 67 above.

69.    WWI owns the WWI Marks.

70.    The WWI Marks are valid, federally registered trademarks and service marks entitled to protection under the Lanham Act.

71.    The WWI Marks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and WWI has built up valuable goodwill in these marks.  These marks have enjoyed such distinction and fame since long before Curves commenced unauthorized use of the WWI Marks.

72.    Curves has used and is using the WWI Marks in commerce in such a manner that it is likely to cause dilution by blurring or tarnishment of the WWI Marks.

73.    Curves' use of the WWI Marks has caused actual harm and is likely to cause harm to WWI by diluting and weakening the unique and distinctive significance and quality of the WWI Marks to identify WWI's goods and services and by blurring and/or tarnishing WWI's name and the WWI Marks in the minds of consumers.

74.    Curves' conduct as alleged above constitutes a violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

75.    Upon information and belief, Curves' actions were deliberate, willful, and in conscious disregard of WWI's rights.

76.    Curves' conduct as alleged above has caused damage to WWI.

77.    Curves' conduct as alleged above has caused and, unless restrained by this Court, will continue to cause WWI irreparable injury.

78.    WWI has no adequate remedy at law for Curves' violation of the Lanham Act.

## FIFTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

79.    WWI repeats and realleges Paragraphs 1 through 78 above.

80.    WWI owns the WWI Marks.

81.    The WWI Marks are valid and subsisting.

82.    Curves' conduct as alleged above constitutes infringement and misappropriation of the WWI Marks in violation of WWI's rights under the common law of the State of New York.

83.    Upon information and belief, Curves' actions were deliberate, willful, and in conscious disregard of WWI's rights.

84.    Curves' conduct as alleged above has caused damage to WWI.

85.    Curves' conduct as alleged above has caused and, unless restrained by this Court, will continue to cause WWI irreparable injury.

86.    WWI has no adequate remedy at law for Curves' infringement.

## SIXTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

87.    WWI repeats and realleges Paragraphs 1 through 86 above.

88.    WWI owns the WWI Marks.

89.    The WWI Marks are valid and subsisting.

90.    Upon information and belief, by using the WWI Marks in commerce without authorization by WWI, Curves knowingly and willfully is confusing consumers by creating the false and misleading impression that Curves and its products and/or services are related to, affiliated with, or connected with WWI.

91.    Upon information and belief, Curves' deliberate use of the WWI Marks in connection with the marketing, advertising, promotion, and/or distribution of its products and/or services was done in bad faith with the intent to unfairly benefit from the expense, time, effort, and labor expended by WWI in developing and promoting its WWI Marks, products, and websites.

92.    By reason of the foregoing, Curves' conduct constitutes willful and false designation of origin, false description and representation, and unfair competition, in violation of WWI's rights under the common law of the State of New York.

93.    Upon information and belief, Curves' actions were deliberate, willful, and in conscious disregard of WWI's rights.

94.    Curves' conduct as alleged above has caused damage to WWI.

95.    Curves' conduct as alleged above has caused and, unless restrained by this Court, will continue to cause WWI irreparable injury.

96.    WWI has no adequate remedy at law for Curves' unfair competition.

## SEVENTH CLAIM FOR RELIEF
### (Dilution Under The New York General Business Law)

97.     WWI repeats and realleges Paragraphs 1 through 96 above.

98.     WWI owns the WWI Marks.

99.     The WWI Marks are valid and subsisting.

100.    The WWI Marks are famous and distinctive, and WWI has built up valuable goodwill in them.  The WWI Marks have enjoyed such distinction and fame since long before Curves commenced use of the WEIGHT WATCHERS, POINTS, and WEIGHT WATCHERS WITH WAVE LOGO marks.

101.    Curves has used, is using, and/or intends to use the WWI Marks in commerce in connection with the advertising and promotion of goods and services sold or offered by Curves.

102.    Curves' use of the WWI Marks has caused actual harm and is likely to cause harm to WWI by diluting and weakening the unique and distinctive significance and quality of the WWI Marks to identify WWI's goods and services and by tarnishing WWI's name and trademark in the minds of consumers.

103.    By reason of the foregoing, Curves has violated Section 360-1 of the General Business Law of the State of New York.

104.    Upon information and belief, Curves' actions were deliberate, willful, and in conscious disregard of WWI's rights.

105.    Curves' conduct as alleged above has caused damage to WWI.

106.    Curves' conduct as alleged above has caused and, unless restrained by this Court, will continue to cause WWI irreparable injury.

107.    WWI has no adequate remedy at law for Curves' violation of Section 360-1 of the General Business Law of the State of New York.

## EIGHTH CLAIM FOR RELIEF
### (Unjust Enrichment)

108.    WWI repeats and realleges Paragraphs 1 through 107 above.

109.    By the acts alleged above, Curves has been unjustly enriched by its unlawful conduct at the expense of WWI.  Curves' acts have unjustly enriched and wrongfully benefited it, in an amount to be determined at trial and to which WWI is rightfully entitled.

110.    Upon information and belief, Curves' actions were deliberate, willful, and in conscious disregard of WWI's rights.

111.    Curves' conduct as alleged above has caused damage to WWI.

112.    Curves' conduct as alleged above has caused and, unless restrained by this Court, will continue to cause WWI irreparable injury.

113.    WWI has no adequate remedy at law for Curves' unlawful actions.

### PRAYER FOR RELIEF

WHEREFORE, WWI respectfully requests that judgment be entered in its favor and against Curves as follows:

1.    Preliminarily and permanently enjoining and restraining Curves, its franchisees, officers, agents, servants, employees, attorneys, and all persons acting in concert or participation with them, or having actual notice of this Order, from:

(a)    running or causing to be run the Commercial or any similar variant of the Commercial;

(b)    imitating, copying, or making unauthorized use of the WWI Marks, or any variation thereof, including but not limited to in the Commercial;

(c)    using the WWI Marks or any designation confusingly similar thereto in connection with the promotion, advertisement, display, sale, offering for sale, or distribution of any competing product or service, including in the Commercial;

(d)    making any designation of origin, descriptions, or representations indicating or suggesting that WWI is the source or sponsor of, or in any way has endorsed or is affiliated with Curves, or any product or service manufactured, distributed, promoted, marketed, or sold by Curves;

(e)    engaging in any false advertising;

(f)    engaging in any conduct that tends to dilute, tarnish, or blur the distinctive quality of WWI's Marks; and

(g)    aiding or abetting any party in the commission of the acts specified in subparagraphs (a)-(f) above;

2.    Ordering Curves to account to WWI for all gains, profits, savings, and advantages obtained by it as a result of its unlawful actions, and awarding to WWI restitution in the amount of all such gains, profits, savings, and advantages;

3.    Awarding to WWI all damages resulting from Curves' unlawful actions, in an amount to be determined at trial and trebled pursuant to 15 U.S.C. § 1117;

4.    Awarding to WWI, Curves' profits attributable to its unlawful conduct, in an amount to be determined at trial and increased in the Court's discretion pursuant to 15 U.S.C. § 1117;

5.    Awarding to WWI punitive damages in an amount sufficient to deter other and future similar conduct by Curves and others, in view of Curves' wanton and deliberate unlawful acts;

19

6.    Awarding WWI an amount sufficient to conduct a corrective advertising campaign;

7.    Awarding to WWI its reasonable attorneys' fees, together with the costs and disbursements of this action; and

8.    Granting WWI such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff WWI hereby demands a trial by jury of all issues so triable.


Dated: October 23, 2009
      New York, New York


                                  Respectfully Submitted,

                                  GIBSON, DUNN & CRUTCHER, LLP

                                  By:_____
                                  Terence P. Ross (TR-6054)
                                  1050 Connecticut Avenue, N.W., 9th Floor
                                  Washington, DC 20036
                                  (202) 955-8664 (Telephone)
                                  (202) 467-0539 (Facsimile)
                                  tross@gibsondunn.com

                                  *Attorneys for Plaintiff,*
                                  Weight Watchers International, Inc.